IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Kevin A. Dudley, #13923-083,  )    C. A. No. 2:07-0022-JFA-RSC
                              )
           Petitioner,        )
                              )
           -versus-           )    **REPORT AND RECOMMENDATION**
                              )
Mildred L. Rivera, Warden of  )
FCI-Estill,                   )
                              )
           Respondent.        )

This habeas corpus petition under 41 U.S.C. § 2241 brought by a federal prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on March 13, 2007. 28 U.S.C. § 636(b).

The petitioner, Kevin A. Dudley, filed this action on January 1, 2007, against the Warden of Federal Correctional Institution (FCI) Estill[1] where he presently is incarcerated and alleged that the Bureau of Prisons (BOP) incorrectly calculated his various sentences. He amended his petition on January 24, 2007. Dudley seeks recalculation of his sentences.

---

[1] The proper respondent in a habeas petition is the custodian of the prisoner. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 498 (1973). Dudley is incarcerated at FCI Estill and he named FCI Estill Warden Matthew Hamidullah as respondent. However Mildred L. Rivera became Warden of FCI Estill on January 15, 2007. Rivera should be substituted for Hamidullah.

1

The respondents filed a motion for summary judgment on March 13, 2007. On March 15, 2007, Dudley was provided a copy of the respondents' motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On March 23, 2007, Dudley filed a response in opposition to the respondents' motion. Hence it appears that consideration of the motion is appropriate.

## **FACTS**

Dudley was convicted in the District of Columbia Superior Court, and he was sentenced on October 16, 1991, to a 30 year term of imprisonment for Voluntary Manslaughter and Possession of a Firearm During a Crime of Violence. Exhibit 5, ¶ 4. On June 30, 2000, Dudley was released on parole with 7,836 days remaining to be served. Exhibit 1. The United States Parole Commission (USPC) issued a parole violation warrant on March 28, 2003, because Dudley had violated the conditions of his release. Exhibit 1; see also, Exhibit 5, ¶ 5. On April 25, 2003, the United States Marshals located Dudley and attempted to execute the parole violation warrant. See, Exhibit 5, ¶ 6. During the course of executing the warrant, Dudley struck a Marshal with his Jeep and injured him. The Marshals successfully apprehended

Dudley, and he was placed in custody under the parole violation warrant. Id.

Dudley was borrowed via a writ of habeas corpus ad prosequedum on June 25, 2003, to appear in the District Court of Maryland to face charges of Attempted Murder, Assaulting a Federal Officer with Serious Bodily Injury and Assault on a Federal Officer. Exhibit 5, ¶ 8. Dudley pleaded guilty to Assault on a Federal Officer and the other charges were nol prossed as part of a plea agreement. He was sentenced by Judge Peter J. Messitte, District Judge for the District of Maryland, on April 2, 2004, to a term of 78 months imprisonment. He was released from the writ of habeas corpus that day and returned to custody. Id., ¶ 9.

A Notice of Action was issued by the USPC on July 16, 2004, which stated that Dudley's parole had been revoked with no time spent on parole to be credited against his sentence, and he was continued to presumptive re-parole on June 16, 2012, after the service of 110 months. Exhibit 6. Dudley was charged in the Notice of Action with Violation of the Special Condition of Narcotic Surveillance, Failure to Carry Out The Instructions of his Parole Officer, Violation of a Special Condition, Use of Dangerous and Habit Forming Drugs, and two counts of Assaulting a Federal Officer. Id.

3

The BOP computed Dudley's parole violation sentence as commencing on April 25, 2003, the day the parole violation warrant was executed by the Marshals, with a presumptive parole date of June 16, 2012. Exhibit 5, ¶ 11; see also, Exhibit 3, Sentence Monitoring Computation Data. The 78 month sentence imposed on April 2, 2004, by the Maryland District Court was computed by the BOP as running consecutively to the parole violation sentence because the Maryland District Court's Judgement and Commitment Order was silent as to how sentence was to run with the parole violation sentence. Exhibit 5, ¶ 13; see also, Exhibit 2. Based on the computation date, Dudley's 78 month term will commence on June 16, 2012, the presumptive parole date, and he will be eligible to earn 245 days Good Time Credits which results in a projected release date of April 14, 2018. See, Exhibit 4.

## DISCUSSION

Dudley asserted one ground for relief in his petition which is as follows: "The Bureau of Prisons fails to calculate the Maryland District Court sentence as beginning on the Date that the court pronounced sentence and the U.S. Marshals took custody to transport to the Bureau of Prisons to serve the sentence. Statutory Law dictate that the sentence commences when the Prisoner is taken into custody awaiting transport to the B.O.P."

4

Dudley believes that his sentence for Assaulting a Federal Officer should have begun to run on April 2, 2004.

A review of the record and relevant case law reveals that Dudley is not entitled to habeas corpus relief.

The execution of sentences and the computation of jail time is an administrative function under the authority of the Attorney General, who has delegated this task to the BOP, including the responsibility for computing time credits and determining a sentence termination date once the defendant actually commences serving his sentence. United States v. Wilson, 503 U.S. 329, 335 (1992).

The Maryland District Court's Judgement and Commitment Order was silent as to how that court's sentence was to run with regard to the parole violation sentence; therefore, the BOP deferred to 18 U.S.C. § 3584(a), which states:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the term may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.* [emphasis added].

The respondent also noted that because the undischarged parole violation sentence existed at the time the Maryland District Court sentence was imposed, United States Sentencing Guideline (U.S.S.G.) § 5G1.3(c)[2], and the notes thereto recommend that the Maryland District Court sentence run consecutive to the parole violation sentence. The guideline provides:

> Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment. - - (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.
> U.S.S.G. § 5G1.3(c).

Application Note 3(C) states:

> Undischarged Terms of Imprisonment Resulting from Revocations of Probation, Parole or Supervised Release. - Subsection (c) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked. Consistent with the policy set forth in Application Note 4 and subsection (f) of §7B1.3 (Revocation of Probation or Supervised Release), *the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.*

U.S.S.G. § 5G1.3, Application Note 3(C) [emphasis added]. Thus, even though the Maryland District Court did not indicate on

---

[2] The United States Supreme Court in <u>United States v. Booker</u>, 540 U.S. 220 (2005), held that the United States Sentencing Guidelines are now advisory; however, at the time relevant to Dudley's sentencing the guidelines were mandatory.

the Judgment and Commitment Order how its sentence was to run with the parole violation sentence, under U.S.S.G. § 5G1.3 (C), Application Note 3(C), it is recommended that the Maryland District Court's sentence run consecutively to the parole violation sentence.

Still, Dudley contends that 18 U.S.C. § 3584(a) is inapplicable because at the time the Maryland District Court sentenced him, there was no undischarged term of imprisonment to run their sentence concurrently or consecutively with. Dudley's assertion regarding 18 U.S.C. § 3584(a) is also incorrect. When the Maryland District Court imposed it's sentence, the parole violation sentence had already commenced. Execution of a parole violation warrant has the effect of starting the running of the unexpired portion of the original sentence. See, Santa v. Tippy, 14 F.3d 157, 159 (2nd Cir. 1994); Distillator v. Civiletti, 612 F.2d 194, 197 (5th Cir. 1980; Lepera v. United States, 587 F.2d 433, 435 (9th Cir. 1978). The BOP thus commences parole violation sentences on the day that the warrant is executed. See, Exhibit 5, ¶ 11. Therefore, at the time of petitioner's Maryland sentencing, a sentence did exist that the Maryland District Court could have imposed its sentence to run with, either concurrently or consecutively.

**CONCLUSION**

Accordingly, for the aforementioned reasons, it appears that the petitioner's federal sentences have been computed consistently with the law, and the respondent is entitled to summary judgment.

                                        Respectfully Submitted,

                                        Robert S. Carr
                                        United States Magistrate Judge

Charleston, South Carolina

April 7, 2007

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

9