IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kevin Dudley, | ) | C/A No.: 2:07-022-JFA-RSC |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mildred L. Rivera, Warden of FCI Estill, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Kevin A. Dudley, initiated this action under the remedial provisions of 28 U.S.C. § 2241, seeking to have this court correct what he alleges to be a miscalculation of his sentences by the Bureau of Prisons ("BOP"). The petitioner is currently incarcerated at the Federal Correctional Institution in Estill, South Carolina. The respondent, Mildred L. Rivera,[1] is the Warden of FCI–Estill and is the custodian of the petitioner. It appears from the record that petitioner has exhausted his administrative remedies.

In 1991, the petitioner was convicted of voluntary manslaughter in the District of Columbia. He was sentenced to a term of incarceration of 30 years. On June 30, 2000, he was released on parole with 7,836 days remaining to be served.

While petitioner was on parole, the United States Parole Commission issued a warrant for a parole violation. As officers were attempting to execute the parole violation warrant, petitioner struck and injured a United States Marshal with his jeep. For this, petitioner was

---

[1] The petitioner originally named Matthew B. Hamidullah as the respondent. However, Warden Hamidullah retired in January 2007 and Mildred L. Rivera is now the acting warden. Accordingly, she is hereby substituted as the party respondent in this matter.

charged with attempted murder, assaulting a federal officer with serious bodily injury, and assault on a federal officer. He pleaded guilty to assault on a federal officer and the other charges were dismissed. He was sentenced on April 2, 2004 to a 78-month term of imprisonment by the United States District Court for the District of Maryland.

As to the parole violation charge, petitioner was re-incarcerated for service of his original 110-month sentence. The parole violation sentence was calculated as commencing April 25, 2003 — the day the parole violation warrant was executed by the U.S. Marshal. The 78-month sentence imposed by the Maryland District Court was computed as running consecutively to the parole violation sentence because the Maryland District Court's Judgment and Commitment order was silent as to how its sentence was to run with the parole violation sentence.

In this action, the petitioner contends that the BOP failed to properly calculate the Maryland District Court's sentence as beginning on the date that the court pronounced sentence and the date the U.S. Marshals took custody of petitioner to transport him to the BOP to serve the sentence.

After thoroughly canvassing the applicable law, the United States Magistrate Judge assigned to this action[2] has prepared a comprehensive Report and Recommendation wherein he suggests that the sentences have been correctly calculated and that the petitioner is not

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

entitled to relief. The Magistrate Judge also suggests that the respondent's motion for summary judgment[3] be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on May 8, 2007. He timely filed objections to the Report.

In his objections, the petitioner merely reiterates arguments that were presented to, and rejected by, the Magistrate Judge.[4] The Magistrate Judge correctly determined that the BOP deferred to 18 U.S.C. § 3584(a) which provides, in part, that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Because the Maryland District Court did not indicate that the sentence it imposed was to run concurrently, it must run consecutively under the statute.

The petitioner contends that § 3584(a) is not applicable because at the time the Maryland District Court imposed its sentence, there was no undischarged term of imprisonment to run the sentence consecutively or concurrently with. As the Magistrate Judge observes, however, when the Maryland District Court imposed its sentence for the

---

[3] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

[4] Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 *(4th Cir. 1982). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

assault on a federal officer charge, the parole violation sentence had already commenced. Execution of a parole violation warrant has the effect of starting the running of the unexpired portion of the original sentence. *Santa v. Tippy*, 14 F.3d 157, 159 (2d Cir. 1994). The court finds petitioner's objections to be without merit.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the petition is denied and the respondent's motion for summary judgment is granted.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

May 24, 2007
Columbia, South Carolina

4